Lawrence WILLIAMS, III,
Petitioner–Appellant,

v.

Daniel BERTRAND, Respondent–
Appellee.

No. 03–2699.

United States Court of Appeals,
Seventh Circuit.

Argued July 6, 2004.

Decided July 8, 2004.

Joan M. Boyd, Shawano, WI, for Petitioner–Appellant.

Warren D. Weinstein, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

### Order

Following his conviction for murder and other felonies, Lawrence Williams was sentenced to 130 years' imprisonment. Wisconsin's appellate judiciary affirmed his convictions. *State v. Williams,* 220 Wis.2d 458, 583 N.W.2d 845 (1998). Williams then sought a writ of habeas corpus. 28 U.S.C. § 2254. The federal district court denied his petition and issued a certificate of appealability limited to a single issue: whether Williams's confession is the result of coercion in violation of the fourteenth amendment's due process clause.

■ Williams's appellate counsel ignored the limitation and briefed three issues. The other two are featherweights, so we decline to expand the certificate. Williams contends, for example, that the police failed to comply with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This argument is based on his testimony that the officers failed to give him the required warnings and rebuffed his demand for counsel. The state judge disbelieved Williams and credited the officers' contrary testimony. Williams does not even try to make the showing required by 28 U.S.C. § 2254(e) to overcome such a finding; instead he presents, as the "facts" of the case, his own version of events, as if it were undisputed. Such a head-in-sand approach has no prospect of success. It is neither competent nor ethical advocacy to disregard adverse findings. Moreover, although Fed. R.App. P. 28(a)(7) requires an appellant's brief to contain a statement of facts, the brief filed on behalf of Williams has none worthy of the name (it is less than a page long); and although Circuit Rule 28(c) provides that "[n]o fact shall be stated in this part of the brief unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears" there are no record references in Williams's brief—either in his bobtailed statement of facts or in the factual portions of his argument. (The brief also violated Circuit Rule 30(a) by omitting the district court's opinion from the appendix. We let additional defects pass without mention.)

■ As for the coerced-confession issue: we substantially agree with the district court's careful treatment and can resolve this appeal with only a few additional words. Counsel for Williams has asked us to give de novo review to this subject, but 28 U.S.C. § 2254(d) calls for a different approach: a state court's decision may be upset on collateral review only if the state tribunal rendered a decision contrary to, or an unreasonable application of, law clearly established by the Supreme Court of the United States. Wisconsin's judiciary did not contradict any decision of the Supreme Court. It did not claim, for example, that confessions may be used as evidence even if coerced. Nor did it fail to follow a decision setting a limit on the length of interrogation, for there is no such decision. State judges applied the Supreme Court's multi-factor approach. Thus we must inquire whether the state court's decision was an unreasonable application of clearly established federal law. Although Williams's interrogation was lengthy (25 hours in a 45–hour period), no threats were made, no violence was used, breaks and sleep were allowed on request, and the police had a good reason: Williams was a suspect in so many crimes that even an hour devoted to each meant ex-

tended sessions. It was not "unreasonable" to hold that the duration of questioning alone did not render Williams's confession involuntary. Even if the state decision was mistaken (and we are not persuaded that it was), courts can be wrong without being unreasonable. See *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

AFFIRMED.